## NATIONAL INS. CO. v. C. H. BROWN.

ERROR TO THE COURT OF COMMON PLEAS OF CRAWFORD COUNTY.

Argued May 1, 1889—Decided October 7, 1889.

1. The right of an insurance company to defend upon a provision of the policy that no suit shall be sustained thereon unless commenced within a certain time, may be defeated by conduct which will constitute an estoppel or evidence a waiver of the right.

2. But, to constitute such estoppel or authorize the finding of such waiver,

there must be evidence of conduct from which an intention to waive the limitation can fairly be inferred, or of an act which in equity ought to estop the company from relying upon it.

3. In such an action, brought after the period limited has expired, the facts that in an affidavit of defence filed the company did not set up the limitation, and that afterward the president of the company proposed to settle with the plaintiff, will not create an estoppel or authorize the inference of such waiver.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 349 January Term 1889, Sup. Ct.; court below, No. 48 May Term 1887, C. P.

On March 14, 1887, C. H. Brown brought debt against the National Insurance Company of Allegheny, Pa., to recover on a policy of fire insurance issued on July 3, 1886, for one year, in the sum of $500. The defendant company pleaded nil debet, but on December 20, 1888, filed the additional plea of "payment with leave, and that plaintiff did not bring his suit within the time limited by the policy of insurance sued upon, and by the terms thereof, namely, six months from the time of the alleged loss."

At the trial on January 23, 1889, it was shown that the loss by fire for which the suit was brought occurred on September 11, 1886, and that the policy of insurance contained the following provision:

"16. No suit or action against this company for the recovery of a claim, shall be sustainable in any court of law or chancery, unless such suit or action shall be commenced within six months next after the loss shall occur; but such lapse of time shall be taken and deemed as conclusive evidence against the validity of such claim, any statute of limitation to the contrary notwithstanding."

It was also shown that on June 4, 1887, the defendant had filed an affidavit of defence, which set out, as a defence to the whole of plaintiff's claim, that the plaintiff failed to file with the company his proofs of loss within the time required by the contract of insurance as expressed in his policy; that the defendant company had in no manner waived performance of this prerequisite; that the proofs finally furnished were fraudulent and false in many particulars; and, "deponent further says

that there may be other valid grounds of defence to the plaintiff's claim which the defendant will be able to show on the trial, of which deponent is not now able to give a definite statement," etc.

The plaintiff offered in evidence "the affidavit of defence filed by defendant in this case, June 4, 1887, which does not set up the defence that the plaintiff's action is barred by the limitation contained in the policy as to the time for bringing suit; also the plea, filed by defendant, setting up the limitation contained in the policy, at the third time the case was on the list, December 20, 1888; to be followed by evidence that the plaintiff had no notice that defendant company intended to rely upon the limitation contained in the policy until the day the plea was filed, December 20, 1888; that he attended court, spent money, had been to trouble in preparing his case, had been at court three times before he had notice of the intention to rely upon the limitation; this to be followed by evidence, that during the week of court, when the plea was filed, and before it was filed, and before he had notice of it, the president of defendant company sought the plaintiff and labored with him for half an hour and upwards, negotiating for a settlement and compromise of the case, and that he made him three several offers of settlement, and did not at that time notify plaintiff that the company intended to rely upon the condition contained in the policy; this to be followed by other evidence, that when the case was on the trial list the first time, and after it had been continued, the plaintiff, through his father, approached the attorney for defendant company, and asked him if the case could not be settled, saying it would be expensive, and his son, the plaintiff, was not able to stand it, and the attorney said he would consult the adjuster of the company and give him an answer; and thereafter he reported to the plaintiff's father that he had consulted the adjuster and they would give us half the amount of the claim, but he gave the plaintiff's father no notice that they intended to rely upon the limitation, and that afterwards the plaintiff's father communicated this to the plaintiff."

Defendant objected to the offer and the effect of the evidence.

By the Court: It is not necessary for the court, at present,

to determine the effect of the evidence. If after we hear it, and after looking at all the authorities, the court is compelled to say that the evidence is insufficient to go the jury, and that it is insufficient to warrant the jury in finding a waiver, the court will have to say so; exception.[1]

The defendant presented, inter alia, the following point:

7. The condition in the policy requiring suit to be brought within six months after loss, is valid and binding upon the insured, unless waived; and the affidavit of defence and the pleadings in this case, the omission to file additional plea till December, 1888, and all the testimony as to negotiations for settlement of this case with the one against the Springfield Insurance Company,* taken together, do not amount to a waiver of the said limitation; and, therefore, this suit not having been brought until the expiration of six months after the occurrence of the loss, the verdict must be for defendant.

Answer: This point is refused.[7]

The court, WICKHAM, P. J. 36th judicial district, holding special term, charged, inter alia, as follows:

[In regard to this matter, you are instructed that if the insurance company, after the expiration of the six months mentioned in the policy as the time wherein such suit should be brought, treated the policy as still in force and subsisting; that is, to be more specific, if the company conducted negotiations for the adjustment of the loss, set up other defenees and wilfully concealed from the plaintiff any intention to rely on the limitation clause, and by acts of commission or omission deliberately misled him in this respect, and thus caused him to incur and undergo expenses, labor and anxiety, in pressing his claim and conducting his suit, you may assume that the defendant waived the benefit of the limitation clause.] [11]

The jury returned a verdict in favor of the plaintiff for $558.12, on which judgment was subsequently entered. The defendant thereupon took this writ assigning as error, inter alia:

1. The admission of plaintiff's offer.[1]
7. The refusal of defendant's point.[7]

---

*See next case.

11. The portion of the charge embraced in [ ] [11]

*Mr. Pearson Church*, for the plaintiff in error.

*Mr. George F. Davenport*, for the defendant in error.

OPINION, MR. JUSTICE McCOLLUM:

The policy of insurance on which this action was brought contained the following provision: "No suit or action against this company for the recovery of a claim, shall be sustained in any court of law or chancery, unless such suit or action shall be commenced within six months next after the loss shall accrue; but such lapse of time shall be taken and deemed as conclusive evidence against the validity of such claim, any statute of limitation to the contrary notwithstanding." The loss occurred September 11, 1886, and this suit was commenced March 14, 1887. It is conceded that this limitation was then in full force and a complete bar to the action, as the company had done nothing to waive it. On June 4, 1887, an affidavit of defence was filed by the defendant company, which alleged that the proofs of loss had not been furnished within the time required by the contract of insurance, and that when they were finally presented they were false and fraudulent in many essential particulars, and reserved "the right to show on the trial other valid grounds of defence to said action." On December 20, 1888, the president of the company proposed a settlement of the suit, and a special plea was filed formally setting up this limitation as a further defence. The court below allowed the jury to find that the insurance company had waived its right to make this defence by neglecting to mention it in the affidavit, and by the offer of settlement on the 20th of December.

In North Western Ins. Co. v. Phœnix Oil Co., 31 Pa. 448, it was decided that if parties by their contract agree that no suit shall be sustained thereon, unless commenced within six months after the cause of action shall accrue, such stipulation will be binding upon them and no action can be maintained on the contract, unless commenced within the period therein limited. In Farmers Mutual F. Ins. Co. v. Barr, 94 Pa. 345, it was held that when a condition of a policy of insurance re-

quires suit to be brought within six months, and it is a part of the contract as contemplated by both parties at the time the risk was assumed, the insured cannot be released from this condition by a mistake in the policy as to the time when the risk commenced; and Mr. Justice STERRETT said: "While the refusal of the company to recognize its liability on the ground that the risk had expired, may have operated as a waiver of its right to insist on preliminary proofs of loss, etc., it did not relieve the plaintiff, who claimed that the contract was in full force when the fire occurred, from bringing suit within six months. His failure to do so was a bar to any claim he may have had against the company." Among the recent cases which enforce this limitation and discuss the subject of waiver and estoppel, as applicable to it, are Waynesboro Mut. F. Ins. Co. v. Conover, 98 Pa. 384, and Universal Mut. F. Ins. Co. v. Weiss, 106 Pa. 20. That it may be defeated by conduct which constitutes an estoppel or a waiver of the right to interpose it as a defence is not denied, but there must be evidence of conduct from which an intention to waive it can be fairly inferred, or of an act which ought in equity to estop the company from relying upon it.

In the present case, by the express terms of the contract there was no right of action upon it when the suit was instituted. All claims under it were destroyed by lapse of time, and the limitation was then a perfect answer and defence to the action. If it is not so now, it is because some omission or act of the company, pending the litigation, has deprived the insurers of the right to plead the limitation, and thus restored to life a demand that was barred and made invalid by the agreement of the parties.

It is claimed that the omission to specifically mention this defence in the affidavit filed June 4, 1887, was an abandonment of it, or at least evidence from which a waiver of it may be inferred, and that the insured was induced by it to incur further expense in a litigation which he commenced with full knowledge that his right of action was barred and that the claim declared upon was invalid. But a defendant is not bound to insert all the defences to the action, in the affidavit to prevent judgment; and his antagonist has no right to assume that the valid defences not stated therein are abandoned or waived, es-

pecially when the right to make such on the trial is expressly reserved.   Nor was the offer to settle the suit a waiver of a defence to it.   The plaintiff below was not injured or misled by the offer, as it was made at a term when the suit was on for trial, and on the day the special plea setting up the limitation as a defence to it, was filed.

We are of opinion that the evidence was not sufficient to authorize an inference of waiver, or to create an estoppel.   In reaching this conclusion we have not overlooked Coursin v. Insurance Co., 46 Pa. 323.   It rests on its own facts and circumstances, which do not clearly appear in the report of the case, and decides that these justified the court in referring the question of waiver to the jury.   It is not an authority for the proposition that a barred claim, after suit brought upon it, can be revived, or that a valid defence to it can be destroyed, by the evidence relied on in this case to accomplish such results.

Judgment reversed.