PRUDENTIAL INS. CO. OF AMERICA *v.* FALLS.

(*Knoxville*, September Term, 1935.)

Opinion filed Nov. 23, 1935.

WILLIAMS, MILLER & WINSTON, of Johnson City, for plaintiff in error.

GEORGE F. BRANDT, JR., and DENNIS ERWIN, of Johnson City, and CARL T. HOUSTON, of Knoxville, for defendant in error.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

The Prudential Insurance Company of America, on September 1, 1927, issued to George Mason Falls a certificate of life insurance under a group policy, insuring his life for $2,000, and providing for certain total and permanent disability benefits.

*Certiorari* was heretofore granted in the case and the same set down for argument.

In the fall of 1927, subsequent to the issuance of the group policy and certificate, Falls, who was plaintiff below, was examined by a physician and found to have pulmonary tuberculosis, but was not informed of that fact. On January 23, 1928, Falls was discharged by his employer because of a reduction in forces. His insurance certificate was paid up to January 31, 1928. For about seven months after his discharge, Falls worked as a soda dispenser, but was unable to work all day. In August, 1930, his physician informed him that he had tuberculosis and should not work. In March, 1931, Falls entered a tuberculosis sanitorium.

On April 1, 1933, Falls filed his claim with the insurance company for total and permanent disability benefits, five years after the cancellation of his policy, and two years and eight months after his physician informed him that he had tuberculosis and should not work. The insurance company denied liability, its letter, under date of May 4, 1933, being as follows:

"This refers to the disability claim of the above named insured, which we wrote you about under date of March 30.

"We are informed that Mr. Falls last worked for the Clinchfield Railroad Company January 3, 1928, at which time he was let out on account of reduction in force, and that his premiums were paid to January 31, 1928.

"Inasmuch as total and permanent disability did not occur while the certificate was in full force and effect and for the reason that the insured has been gainfully employed since the termination of his services with the Railroad, he is, therefore, not entitled to any disability benefits whatsoever, and we are disallowing the claim."

In both the trial court and in the Court of Appeals, the company made the defense that Falls was guilty of unreasonable delay in the furnishing of proofs of his alleged disability, having waited five years to present the same. The trial court disallowed this defense and allowed a verdict for $2,000 in favor of the plaintiff to stand. The Court of Appeals sustained the defense that plaintiff below had been guilty of unreasonable delay in making due proof of his disability; but held that the company waived this defense when it denied liability on the grounds that the disability did not occur while the certificate was in full force and effect, and that the in-

sured had been gainfully employed since the termination of his services with the employer.

This holding of the Court of Appeals is challenged by proper assignments of error. The question is now presented, therefore, whether or not the company by omitting from its letter, above set out, the objection that proof of loss came too late, and stating other objections, waived the right to rely upon the insured's failure to furnish proof within a reasonable time as a defense to his action on the policy.

In the absence of a period of limitation fixed in the contract, it was the duty of Falls to furnish proof of his alleged total permanent disability within a reasonable time after the beginning thereof. *Smithart* v. *John Hancock Mut. Life Ins. Co.*, 167 Tenn., 513, 71 S. W. (2d), 1059; 14 R. C. L., 1328; 13 C. J., 13. When Falls undertook, after the lapse of a reasonable time, to furnish proof of loss, he had no insurance with defendant company. The contract of insurance had ceased to exist. There is lacking any element of estoppel. Falls was not misled, and his failure to present the proof of loss within the required time was not occasioned by the company's letter. After the time fixed by law for furnishing proof of loss had expired, and the forfeiture had occurred, the action of the company in denying liability on other grounds than the failure to furnish proof within the required time worked no prejudice to Falls, and he was not caused thereby to change his position, or incur any expense in presenting his claim to the company, or otherwise, so far as the record discloses.

In the absence of elements of estoppel, the better view, supported by authority, is that after the time for furnishing proofs of loss has expired the insurer may

deny liability on grounds other than want of proof without waiving its right to defend on the ground that proofs were not furnished within the time allowed. 14 R. C. L., 1350; *Ætna Life Ins. Co.* v. *Fitzgerald*, 165 Ind., 317, 75 N. E., 262, 1 L. R. A. (N. S.), 422, 112 Am. St. Rep., 232, 6 Ann. Cas., 551; *Smith* v. *American Ins. Co.*, 111 Ark., 32, 162 S. W., 772; *Illinois Bankers' Life Ass'n* v. *Byassee*, 169 Ark., 230, 275 S. W., 519, 41 A. L. R., 381; *North British & M. Ins. Co.* v. *Lucky Strike Oil & Gas Co.*, 70 Okla., 146, 173 P., 845, 22 A. L. R., 398; *National Ins. Co.* v. *Brown*, 128 Pa., 386, 18 A., 389; *Cornell* v. *Milwaukee Fire Ins. Co.*, 18 Wis., 387, 392; Cooley's Briefs on Insurance, vol. 7, p. 6033; May, Ins., sec. 464. The above citation of authority is not intended to be exhaustive, for there are many other cases of like import. Among these is the late case of *Grafe* v. *Fidelity Mut. Life Ins. Co.* (Mo. App.), 84 S. W. (2d), 400, 404, wherein the court said:

"Plaintiff contends, however, that defendant waived proofs of disability by denying liability, in its letters to plaintiff, on the ground that plaintiff was not permanently disabled. The rule is practically universal that where the insurer within the time for presenting proofs denies liability or refuses to pay on a definite ground other than want of proofs, it thereby waives the right to insist on the failure to make proofs as a defense to an action on the policy. But it is also the rule, according to the better view, and the greater weight of authority, that a denial of liability after the time for making proofs has expired does not waive proofs in the absence of elements of estoppel. Where the act relied upon to constitute waiver occurs after the time for furnishing proofs has expired, such act must be in the nature of or possess some ele-

ments of estoppel. This rule has been uniformly recognized by the courts of. this state from the earliest times.'' (Citing many cases.)

The holding of the learned Court of Appeals that the company must be held to the specific reasons assigned by it for the rejection of Fall's claim, and that the defense of failure to furnish proof of total permanent disability within a reasonable time must be disregarded, was entirely too broad and ignores the elements of estoppel essential to the existence of the rule it sought to apply. *National Ins. Co.* v. *Brown*, 128 Pa., 386, 18 A., 389.

This court, in *Mecklenburg Real Estate Co.* v. *Kyoleum Co.*, 142 Tenn., 295, 302, 218 S. W., 821, 823, 14 A. L. R., 944, said:

''Moreover, the rule that a party, having given a reason for his conduct about a matter in controversy, is estopped, after litigation is begun, from changing his ground, announced in *Snyder* v. *Mystic Circle*, 122 Tenn. [248], 250, 122 S. W., 981, 45 L. R. A. (N. S.), 209, is not a rule of universal application. That was a case of estoppel *in pais*. The complainant was misled to her prejudice by the action of the defendant. . . .

''We think it may be said that the rule urged by the complainant is of doubtful application in any case, unless the former position is inconsistent with the position adopted after litigation, or unless the adverse party had been misled, or is prejudiced by the change of attitude.''

We are of the opinion that the Court of Appeals and the trial court were in error in holding that the letter of the insurance company, hereinbefore set forth, constituted a waiver by the company of the legal requirement that proof of disability be furnished within a reasonable time. No proof of loss having been made within the time

required by law, there was no material evidence to support the verdict of the jury. The company's first, second, and eighth assignments of error are sustained, and the judgment of the trial court and the decree of the Court of Appeals are reversed and the case dismissed at the cost of defendant in error, George Mason Falls.