MAYOR AND ALDERMEN OF THE CITY OF FAYETTEVILLE, Complainants,

*v.*

ZELMA M. WILSON et al., Defendants.

367 S.W. 2d 772.

*(Nashville,* December Term, 1962.)

Opinion filed May 10, 1963.

STEVENS & BAGLEY, Fayetteville, for complainants.

TEMPLETON & THOMPSON, Fayetteville, for defendants.

THOMAS E. Fox, Assistant Attorney General, for GEORGE F. McCANLESS, Attorney General.

ROBERT E. BANKS, Elizabethton, amicus curiae, for Tennessee Municipal League.

MR. JUSTICE DYER delivered the opinion of the Court.

In this opinion Mayor and Aldermen of the City of Fayetteville, a municipal corporation with situs in Lincoln County, Tennessee, will be referred to as Complainant, Zelma M. Wilson and wife Cathy Wilson as Defendants, and George F. McCanless, Attorney General of Tennessee as such.

On January 15, 1963 Complainant filed their original bill alleging their area has long been predominantly agricultural and due to mechanization there now existed an unemployment problem, and in fact there has been a population loss due to exodus of particularly young people into other areas to obtain employment. This situation it is alleged will lead to an over supply of labor, lower living standards, which will create detrimental conditions affecting all citizens. To guard against such conditions Complainant has attempted to induce industry to locate there, and has found this can be most successfully done by obtaining and developing an industrial park. In order to obtain and develop this industrial park Complainant entered into a contract with Defendants to purchase certain land in Lincoln County. A part of the agreed purchase price was $200,000.00 in serial interest bearing bonds to be issued by complainant under the Industrial Park Act, Chapter 169 of the Public Acts 1959, (Sections, 13-1301 through 13-1307, T.C.A.) with the full faith and credit of Complainant pledged under the Industrial Building Bond Act of 1955, (Sections 6-2901 through 6-2916, T.C.A.). Further Complainant had agreed in this contract to take all necessary steps required by these statutes in the issuance of these bonds.

Complainant further alleges Defendants have informed them by letter they are breaching the contract, since

Defendants have been informed the statutes under which Complainant is to issue these bonds are unconstitutional. Complainant then alleges they desire to carry out the contract, and to accomplish the things required by these statutes will incur great expense upon Complainant, which will be in vain if said statutes are unconstitutional. The bill prays for a declaration on the constitutionality of Chapter 169, Public Acts 1959, (Sections 13-1301 through 13-1307, T.C.A.) and for specific performance of the contract.

The Defendants filed an answer in which they admit all the allegations of the bill except the constitutionality of the statutes in question. The Attorney General filed an answer insisting the statutes in question were constitutional. The case was tried by the Chancellor on bill and answer, and upon a decision adverse to them Defendants have appealed assigning errors.

The Legislature in the Industrial Building Bond Act of 1955 (Sections 6-2901 through 6-2916, T.C.A.) taking note of unemployment conditions existing in the State and evils attending thereto has declared to provide against such evils is clearly a public or corporate purpose. This Act to provide the means against this evil authorized the various cities and counties of the State to issue bonds pledging their full faith and credit with the proceeds of said bonds to be used to improve or construct industrial buildings to be leased to private firms, which will thereby give employment to the people of the State. Since such amounts to lending the credit of a city or county to a person, company, association or corporation to accomplish a public purpose the Act provides for an election as demanded by Article 2, Section 29 of our Constitution. The Act provides reasonable safeguards

in that there is created in the Tennessee Industrial and Agricultural Development Commission a Building Finance Committee (Sec. 4-1408, T.C.A.). Any city or county desiring to take advantage of this Act is required to obtain from the Building Finance Committee a Certificate of Public Purpose and Necessity, which is issued by this Committee only after they have made an affirmative finding under certain criteria enumerated in the Act. This Act has been held constitutional. *McConnell v. City of Lebanon*, 203 Tenn. 498, 314 S.W.2d 12.

The Industrial Park Act here in question (Sec. 13-1301 through 13-1307 T.C.A.) is the next step after the Industrial Building Bond Act of 1955, and as noted by the Chancellor might well have been enacted as an amendment thereto rather than a separate measure. This Industrial Park Act to accomplish the same purposes and containing similar reasonable safeguards as the Industrial Building Bond Act of 1955 gives the cities and counties authority to acquire and develop industrial parks in order to be more successful in attracting industry. To do this full faith and credit bonds can be issued as in the Industrial Building Bond Act of 1955, with exceptions hereinafter noted in this opinion. Such under *McConnell v. City of Lebanon*, supra, is for a public purpose.

■ ■ Under Section 13-1303(b) T.C.A. the counties and incorporated cities and towns are authorized to issue bonds in financing industrial parks and to pledge their full faith and credit by either of three methods to-wit: (1) under the Industrial Building Bond Act of 1955 (Sec. 6-2901 through 6-2916, T.C.A.), or (2) the County Recovery and Post War Aid Act of 1945, Sec. 5-1101 through

5-1125, T.C.A.), or (3) the Municipal Recovery and Post War Aid Act of 1945 (Sec. 6-1601 through 6-1631, T.C.A.). The first mentioned method requires a three-fourths vote in accord with Article 2, Section 29, and this is the method under which the bonds in the instant case are to be issued. The last two methods do not require the three-fourths vote as set out in Article 2 of Section 29. The Chancellor correctly found if these last two methods were offensive to the Act they could be elided; which would leave a complete law capable of enforcement and fairly answering the principal object of its passage. The doctrine of elision is well established in this state and could be properly applied here. *Davidson County v. Elrod,* 191 Tenn. 109, 232 S.W.2d 1.

Under Section 13-1304, T.C.A. the governing body of the City or county may exercise direct control in the development, operation and maintenance of any industrial park, or said governing body may delegate by ordinance or resolution such powers to a board or commission. It is argued here this is an unconstitutional delegation of the legislative powers of the Legislature in violation of Article 2, Sections 1, 2 and 3 of our Constitution. This code section has reference to administrative functions in the development, operation and maintenance of these parks, and such does no violence to our Constitution.

It is argued here Complainant cannot exchange its bonds issued under these statutes for real estate as required by the contract. The effect of this is that Complainant could sell the bonds and pay Defendants for the land, but could not directly give Defendants the bonds in payment for the land. We find no merit in this argument.

Since the hearing before the Chancellor Section 13-1307, T.C.A. has been amended by Chapter 251, Public Acts of 1963 effective March 22, 1963. The effect of this amendment was to detail the criteria to be used by the Building Finance Committee in considering the issuance of the certificate of Public Purpose and Necessity. This opinion is written taking into consideration this amendment.

■ It results for the reasons stated the Court concludes Chapter 169, Public Acts of 1959 as amended by Chapter 251 Public Acts of 1963 (Sections 13-1301 through 13-1307, T.C.A.) are not unconstitutional. That the bonds called for in the contract when properly issued by Complainant under these statutes and the Industrial Building Bond Act of 1955 (Sections 6-2901 through 6-2916, T.C.A.) will be binding and valid obligations upon Complainant.

The judgment of the Chancellor is affirmed and the cause remanded. The defendants, Zelma M. Wilson and wife Cathy Wilson, will pay costs in this Court.