Elbridge D. SMITH and Ayres Enterprises, Inc., Individually and on Behalf of Others Similarly Situated, Plaintiffs-Appellants,

v.

The CITY OF PIGEON FORGE, Defendant-Appellee,

William M. Leech, Jr., Attorney General of the State of Tenn., Intervenor-Appellee.

Supreme Court of Tennessee.

April 14, 1980.

Petition to Rehear Denied June 30, 1980.

H. Wynne James, III, Fowler & Robertson, Knoxville, Jerry K. Galyon, Galyon & Stokes, Sevierville, for plaintiffs-appellants.

Gary R. Wade, Ogle & Wade, Sevierville, for defendant-appellee.

William M. Leech, Jr., Atty. Gen., David S. Weed, Sr., Asst. Atty. Gen., Nashville, for intervenor-appellee.

OPINION

FONES, Justice.

This declaratory judgment action seeks to have ordinance 143 of the City of Pigeon Forge and its enabling act, chapter 808, Public Acts of 1976, declared unconstitutional. Ordinance 143 levies a privilege tax of one percent upon the gross receipts of all business conducted in Pigeon Forge. The City of Pigeon Forge and the attorney general answered denying that the ordinance or the statute are unconstitutional, and all parties filed motions for summary judgment, supported by affidavits. The trial court found that there was no genuine issue as to any material fact, granted the motions of the City of Pigeon Forge and the attorney general, rejecting all contentions of the plaintiffs, operators of businesses in Pigeon Forge, and declared the ordinance and statute constitutional.

Plaintiffs contend that ordinance 143 is in conflict with the business tax imposed by T.C.A. § 67-5801 et seq., thus suspending

the general law in violation of Tennessee Constitution Article 11, Section 8. The learned chancellor held that *Stalcup v. City of Gatlinburg*, 577 S.W.2d 439 (Tenn.1978), had resolved that issue unfavorably to plaintiffs. The chancellor found that the unique characteristics of Pigeon Forge arising out of its tourist oriented economy presented a "virtually identical" situation to that of the City of Gatlinburg. In *Stalcup* this Court found that Gatlinburg's unique characteristics provided a reasonable basis for the imposition of a different and higher tax upon the privilege of doing business in that city. It does appear that the record in this case reflects circumstances existing in Pigeon Forge, in the respects that were found controlling in *Stalcup*, that resemble Gatlinburg's unique characteristics.

However, plaintiffs assert a constitutional deficiency that was not present in the Gatlinburg ordinance upheld in *Stalcup*. Section 4(b) of Pigeon Forge ordinance 143 reads as follows:

(b) For the purpose of expending revenues derived from this ordinance, the city recorder shall deposit twenty five percent of all revenues in a special reserve fund. The Board of Commissioners shall by appropriate resolution earmark any portion of said funds from the special reserve fund for projects, purchases, or expenses deemed appropriate. The remaining seventy five percent shall be expended in a manner so as to be directly or indirectly beneficial to the business community and tourism in general.

Plaintiffs contend that the allocation of seventy-five percent of the gross receipts tax to be expended for the direct or indirect benefit of the business community and tourism violates that part of Tennessee Constitution Article 2, Section 29 providing, in essence, that the power of taxation is for public purposes only.

In *McConnell v. City of Lebanon*, 203 Tenn. 498, 314 S.W.2d 12 (1958), the Court said:

"Taxation is a mode of raising revenue for *public purposes only. Taylor McBean & Co. v. Chandler*, 56 Tenn. 349.

This is so even when there is no express restriction in the Constitution and such a constitutional provision is simply declaratory of the common law. 84 C.J.S. Taxation §§ 13, 14, p. 64. Also, 51 Am.Jur. 372, sec. 321 et seq." 203 Tenn. at 509, 314 S.W.2d at 17.

The courts generally recognize that a public or corporation purpose is incapable of an exact and all inclusive definition and that each case must turn on its own facts. *Berry v. Shelby Co.*, 139 Tenn. 532, 541, 201 S.W. 748, 750 (1918) and *Ferrell v. Doak*, 152 Tenn. 88, 90, 275 S.W. 29, 29 (1924). Many Tennessee cases are collated in *Berry* and *Farrell*.

In *Ferrell*, the Court said:

"However commendable the proposed movement, it must be and is frankly conceded that public funds to be provided by taxation may be expended only for a public purpose, and, unless the purpose in view may be reasonably so classified, the act conflicts with article 2, section 29, of our Constitution. By this section the General Assembly is empowered to authorize incorporated towns to impose taxes for corporation purposes only." 152 Tenn. at 90, 275 S.W. at 29.

In *Berry* cases are cited approving the following as a municipal corporate purpose: a public library, subscription for the lighting of the city, water works, public schools, the improvement of the streets of a city, the building of a railroad into or near a city.

In *Ferrell*, the issue was the constitutionality of an act authorizing the City of Lebanon to issue bonds that would constitute a tax charge against the municipality, to purchase a factory site and erect a building to be leased to a box manufacturer. The *Ferrell* Court described the City of Lebanon's defense of the constitutionality of the act as an insistance "that public funds may be used to promote purely private enterprises with the hope that the public at large will derive incidental benefits therefrom." 152 Tenn. at 92, 275 S.W. at 30. The Court continued as follows:

"A distinction recognized by our courts in the eminent domain cases which called for a reservation in the public of a reasonable degree of control of the enterprise is applicable, and is here wholly wanting. For example, the proposed box factory will be privately owned and controlled so that, in the wages to be paid, the sale of its products and the prices to be fixed therefor, the earnings to be withdrawn by the private owners, and all other matters of management, including continuance of operation, or disposition of the business, the public will have no voice. Such contribution as will have been made from public funds in promotion of the business will be wholly unrepresented in the management and nonparticipant in the profits." *Id.*, 275 S.W. at 30.

It may be said with some accuracy that the concept of public or corporation purpose has been expanded by *McConnell v. City of Lebanon, supra*, and *Mayor and Aldermen of the City of Fayetteville v. Wilson*, 212 Tenn. 55, 367 S.W.2d 772 (1963), and other cases approving municipal bond issues authorized by the Industrial Building Bond Act of 1955 and the Industrial Park Act, chapter 169, Public Acts of 1959. The majority opinion in *McConnell*, a three-two decision, expressly stated that it did not intend to overrule *Ferrell v. Doak, supra*, and listed several significant distinctions between the two cases.

This case is clearly distinguishable from *McConnell* and *Wilson*, where the expenditures were authorized pursuant to clearly expressed public policy of the State, responsive to a declared crisis and with standards and checks to be exercised by public officials upon the use of the funds.

The express language of Pigeon Forge ordinance 143 mandates the use of seventy-five percent of the tax revenue for the benefit of the business community and tourism, leaving the public at large with only the remote hope that it may derive some incidental benefit from the promotion of private business enterprises wherein neither it nor its representatives have any participation in management or profits.

■ We hold that section 4(b) of the Pigeon Forge ordinance allocates tax revenues beyond the pale of a public purpose in violation of Tennessee Constitution Article 2, Section 29 and the decisions of this Court. Pigeon Forge ordinance 143 is declared to be unconstitutional, null and void.

The decree of the Chancery Court of Sevier County is reversed.

■ This record contains several briefs filed in the trial court. Under no circumstances is it permissible to include trial court briefs in the record to be brought to this Court. The record reflects that the briefs were included upon demand of H. Wynne James, III, one of the attorneys for plaintiffs. The clerk of this Court is instructed to assess the costs attributable to the inclusion of all trial court briefs against H. Wynne James, III, and the balance of the costs are adjudged against the City of Pigeon Forge.

BROCK, C. J., and COOPER, HENRY and HARBISON, JJ., concur.

OPINION ON PETITION TO REHEAR

FONES, Justice.

The petition to rehear is denied.

■ The doctrine of elision is not favored. *Davidson County v. Elrod*, 191 Tenn. 109, 232 S.W.2d 1 (1950); *Edwards v. Davis*, 146 Tenn. 615, 244 S.W.2d 359 (1922). It is questionable whether an ordinance levying a special tax may be said to be complete after the elision of the clause dealing with the use of tax revenues therefrom. In any event, we decline to apply the doctrine of elision to this revenue ordinance.

■ The petition to rehear asks that we pass upon the validity of an ordinance adopted by the City of Pigeon Forge on March 10, 1980, after this appeal was filed in this Court and oral argument heard. The adoption of this ordinance is a post judgment fact that obviously was not presented to or passed upon by the trial court. It does not fall within the scope of

**234**

Rule 14, Rules of Appellate Procedure, and will not be considered.

BROCK, C. J., and COOPER and HARBISON, JJ., concur.