**CITY OF PIGEON FORGE, TENNESSEE, Plaintiff-Appellant,**

v.

**MIDLAND INSURANCE COMPANY, Defendant-Appellee.**

No. 85–5197.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 13, 1986.

Decided April 15, 1986.

H. Dennis Jarvis, Jr. (argued), Gary R. Wade, Sevierville, Tenn., for plaintiff-appellant.

Wayne Christeson (argued), James C. Wright, Knoxville, Tenn., for defendant-appellee.

Before KRUPANSKY and GUY, Circuit Judges, and PECK, Senior Circuit Judge.

GUY, Circuit Judge.

Plaintiff, City of Pigeon Forge, Tennessee (City), appeals from an order of the district court granting summary judgment in favor of defendant, Midland Insurance Company (Company), in this action for damages under an insurance policy issued by defendant. For the reasons stated below, we affirm.

## I.

On April 23, 1984, plaintiff filed suit in Tennessee Circuit Court alleging that defendant had wrongfully refused to pay under the "Public Officials Liability Policy" issued to plaintiff by defendant. The case was removed on diversity grounds and, after removal, the parties consented to the trial being conducted by United States Magistrate Murrian, pursuant to the provisions of 28 U.S.C. § 636(c). Defendant moved for summary judgment and, on February 25, 1985, the magistrate granted the motion. The following facts, as found by the magistrate, are undisputed.

The insuring clause of the insurance policy reads as follows:

IN CONSIDERATION of the payment of the premium and subject to all of the terms, conditions and limitations of this policy, the Midland Insurance Company, hereinafter called the Company, agrees:

I. *Insuring Clause:*

(a) With the Insureds that if, during the policy period, any claim or claims are first made against the Insureds, individually or collectively for a Wrongful Act, the Company will pay on behalf of, in accordance with the terms of this policy, the Insureds, or any of them, their Executors, Administrators or Assigns for all loss which the said Insureds, or any of them, shall become legally obligated to pay as damages, ...

The definitional section of the policy defines a "Wrongful Act" as follows:

[A]ny actual or alleged error or misstatement or act or omission or neglect or breach of duty including misfeasance, malfeasance, and non-feasance by the Insureds in the discharge of their duties with the Public Entity, individually or collectively, or any manner claimed against them solely by reason of their being or having been Insureds.

The definitional section defines "Loss" as follows:

[A]ny amount which the Insureds are legally obligated to pay, including, but not limited to, any amounts which the Public Entity may be required or permitted to pay as indemnity to an Insured, for a claim or claims made against an Insured for a Wrongful Act and shall include but not be limited to damages, judgments, settlements and costs, cost of

investigation and defense of legal actions. . . .

Paragraph IV lists fourteen specific exclusions from coverage. Two of those are potentially applicable in this case:

IV. *Exclusions:*

(a) The Company shall not be liable to make any payment in connection with any claim made against the Insureds: 1) based on or attributable to their gaining in fact any personal profit or advantage to which they were not legally entitled, including remuneration paid in violation of law as determined by the Courts;

\* \* \* \* \* \*

(3) which is insured by another valid policy or which shall be deemed uninsurable under the law pursuant to which this policy shall be construed; ...

The policy also provides that if the Public Entity or the Insureds receive notice from anyone that they intend to hold the insureds responsible for a "Wrongful Act" the Company shall be notified within one year.

On May 22, 1978, while the policy was in full force and effect, the City, acting through its commissioners, passed the Pigeon Forge Gross Receipts Tax Ordinance No. 143. This ordinance levied a privilege tax of one percent upon the gross receipts of all businesses conducted within the City.

On June 26, 1978, disgruntled taxpayers filed suit, entitled *Smith v. The City of Pigeon Forge*, against the City in the Chancery Court for Sevier County, Tennessee, seeking declaratory relief from the tax. The City began collecting the tax on July 1, 1978, but arranged to hold the collected taxes in escrow until a decision was reached in the *Smith* case. In early 1979, the *Smith* case proceeded to trial and the Sevier County Chancery Court upheld the validity and constitutionality of the ordinance. Shortly thereafter, the City decided to dissolve the escrow account and began spending the taxes previously collected. The plaintiffs in *Smith* appealed and, on April 14, 1980, the Tennessee Supreme Court reversed the Sevier County Chancery Court decision and declared Ordinance 143 to be unconstitutional, null and void. *Smith v. City of Pigeon Forge*, 600 S.W.2d 231 (Tenn.1980). As a result, the City was obligated to refund the amounts previously paid by the taxpayers under Ordinance No. 143, less an attorney fee and costs of 25 percent.

The plaintiff contends that the action of the Board of Commissioners, City of Pigeon Forge, in passing an unlawful tax, constituted a "Wrongful Act" within the meaning of the policy of insurance, and that this wrongful act caused the plaintiff a "loss" within the meaning of the policy when it was later obligated to refund the amounts previously paid by taxpayers under Ordinance No. 143.

Plaintiff first informed defendant of the claim against the City in an April 23, 1980 letter from its legal counsel. Defendant initially responded by citing the definition of "loss" under the policy and denying coverage on the basis that the claim did not fall within that definition. Later, after this litigation ensued, the defendant expanded upon its reasons for claim denial. In its motion for summary judgment, defendant contended that plaintiff's claim is barred for two major reasons—first, that plaintiff failed to give defendant timely *notice* of the *Smith* suit as required by the terms of the policy; and, second, that plaintiff has not suffered any *loss* covered by the terms of the policy. The magistrate did not address those issues, as he found that exclusion clauses IV(a)(1) and IV(a)(3) of the contract, also relied upon by defendant, each bar recovery by the plaintiff. He found that the *Smith* claim was based on the City's having gained a profit or advantage to which it was not legally entitled (IV(a)(1)), and that this claim is uninsurable under the law by which the policy must be construed in that it would be against Tennessee public policy to encourage passage of ill thought-out laws. (IV(a)(3)).

## II.

In *Herm v. Stafford*, 663 F.2d 669, 684 (6th Cir.1981), this court held that "[a]n

appellate court can find an alternative basis for concluding that a party is entitled to summary judgment and ignore any erroneous basis relied upon by the district court, provided it proceeds carefully so the opposing party is not denied an opportunity to respond to the new theory," and that a defendant "may raise an alternative theory without cross-appealing." Although we do not find that the magistrate below was erroneous in his interpretation of the policy's exclusion clause IV(a)(1) or in his statement of the public policy of Tennessee regarding insurance against improper taxation (IV(a)(3)), we do find an alternate basis for summary judgment which does not require contractual interpretation or a federal court setting forth a state's public policy on an issue where that state's courts and legislature have not specifically spoken.

Here, we find that the plaintiff's claim is barred, pursuant to section VII(f) of the policy, for non-compliance with the notice provision, section VI.[1] The notice section, section VI, requires that the insured, on receipt of "written or oral notice from any party that it is the intention of such party to hold the Insureds responsible for a Wrongful Act ... shall give written notice to the Company of the receipt of such written notice or oral notice as soon as practicable, *but in no event exceeding one year.*" (Emphasis added.) It is undisputed that plaintiff was aware, at least by May 22, 1978, the date the taxpayers filed suit, that there was a claim against the City. Plaintiff failed to notify defendant of the claim until almost two years later, on April 23, 1980, after the case had been lost in the state courts. Section VII(f) provides that: "No action shall lie against the Company, unless as a condition precedent thereto, the Insureds shall have fully complied with all terms of this policy."

■ Plaintiff argues that defendant waived plaintiff's failure to give notice by not depending on that defense in its denial letter. Plaintiff relies on *Grider v. Travelers Indemnity Co.*, 315 F.Supp. 616 (E.D. Tenn.1969), but that reliance is misplaced. Very few facts are given in that case as to the circumstances of the denial of coverage, but the court found that it would have been "vain and useless" for the plaintiff to have provided notice and proofs of loss, not the situation plaintiff faced here. Furthermore, that case did not consider the only case in which the Tennessee Supreme Court has stated its position on this issue. While the courts (including the *Grider* court) are generally in agreement that denial of liability before the contractual notice period has elapsed relieves the insured of responsibility of notice or presentation of proofs of loss, the courts are split on whether lack of timely notice has been waived by a denial of liability on substantive ground *after* the time for the presentation of notice or proofs of loss has elapsed. In *Prudential Insurance Co. of America v. Falls,* 169 Tenn. 324, 87 S.W.2d 567, 568 (1935), the court held:

> In the absence of elements of estoppel, the better view, supported by authority, is that after the time for furnishing proofs of loss has expired the insurer may deny liability on grounds other than want of proof without waiving its right to defend on the ground that proofs were not furnished within the time allowed.

(Citations omitted.) Plaintiff here has not alleged any elements of estoppel. *Falls* is still good law in Tennessee and binds this court in this diversity action. We conclude that defendant did not waive the defense of lack of timely notice in its denial letter, and that plaintiff's claim is thus barred by its failure to give defendant notice of the *Smith* claim within one year from May 22, 1978.

Accordingly, the judgment of the magistrate is AFFIRMED.

---

**1.** We also find that the *Herm* requirement that the opposing party not be denied an opportunity to respond to the new theory has been satisfied. In fact, the theory is not new. Defendant raised the notice issue in its summary judgment motion below and plaintiff responded to the argument. Defendant raised this issue again in this appeal, and plaintiff has again fully briefed the whole question of notice and waiver.