DAVIDSON COUNTY *et al. v.* ELROD.

(*Nashville,* December Term, 1949.)

Opinion filed July 15, 1950.

110

HORACE OSMENT, County Attorney, of Nashville, for plaintiffs in error.

BEN WEST and Z. THOMAS OSBORN, JR., both of Nashville, for defendant in error.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

The caption of Chapter 806 of the Private Acts of 1949, an amendatory Act, amending Priv. Acts 1943, c. 274, recites that its purpose is to provide certain financial benefits for widows of pensioned employees of Davidson County. The body of the Act, after so providing for the widow, provides certain such benefits, if there be no widow, to dependent minor children under 16 years of age, or a dependent mother, if there be no such children.

Complainant, Mrs. Elrod, is the widow of a deceased pensioned employee. She filed this bill to recover the benefits provided for her as such widow by this Act. By its demurrer Davidson County insisted that Mrs. Elrod is not entitled to these benefits because the Act, so it is asserted, violates the single subject clause of the Constitution, Article 2, Section 17, in that the body of the Act is broader than the caption, since it includes dependent minor children or mother as beneficiaries, if there be no widow surviving the pensioned employee.

The Circuit Judge rejected the insistence of Mrs. Elrod to the effect that the provision in the body of the Act with reference to the dependent children or mother is so germane to the subject contained in the title (pensions for certain employees) as to make the entire Act conform to the requirements of the single subject clause of the Constitution. It was his opinion, however, that the provisions in the body of the Act applying to children or mother may be elided without destroying the integrity of the Act insofar as it applied to the widow. He, therefore, overruled the demurrer and ordered the elision from the body of the Act of those provisions providing financial benefits to such dependent children or mother.

The doctrine of elision is not favored. *Edwards v. Davis,* 146 Tenn. 615, 623, 244 S. W. 359. In order, however, to avoid defeat of apparent legislative intent in the enactment of a statute, the Courts have consistently applied the doctrine in cases where the statute upon its face discloses a fact situation which brings it within the rule.

The rule of elision applies where the valid portion of the statute is not so dependent upon the portion said to be void that the Court cannot presume that the

Legislature would not have enacted the valid portion in the absence of the inclusion within the enactment of that portion which is said to be void. *Franklin County v. Nashville, C. & St. L. Ry.*, 80 Tenn. 521, 531. Differently stated, where it appears from the face of the Act that the void portion was not the inducement to the passage of the Act and may be "easily separable from it" the rule applies. *Dugger v. Mechanics' & Traders' Insurance Co.*, 95 Tenn. 245, 260, 261, 32 S. W. 5, 28 L. R. A. 796. After such elision of the void portion there must be left enough of the Act for a complete law capable of enforcement "and fairly answering the object of its passage." When that is true the Court will reject "only the void parts, and enforce the residue". *Reelfoot Lake Levee District v. Dawson,* 97 Tenn. 151, 154, 179, 36 S. W. 1041, 1048, 34 L. R. A. 725.

Perhaps the clearest statement of the rule is that if it is made to appear from the face of the statute that the Legislature would have enacted it with the objectionable features omitted, then those portions of the statute which are not objectionable will be held valid and enforceable, *State ex rel. Bond v. Taylor,* 119 Tenn. 229, 257, 104 S. W. 242, provided, of course, there is left enough of the Act for a complete law capable of enforcement and fairly answering the object of its passage. *Reelfoot Lake Levee District v. Dawson,* supra.

However, a conclusion by the Court that the Legislature would have enacted the Act in question with the objectionable features omitted ought not to be reached unless such conclusion is made fairly clear of doubt from the face of the statute. Otherwise, its decree may be judicial legislation. Probably that may be a reason why the doctrine of elision is not favored.

Dependent children become entitled only when there is no widow surviving. A dependent mother becomes entitled only when there is neither widow nor children surviving. So, the statute in question discloses upon its face that the principal object of its passage was to provide for the widow of the deceased pensioned employee in the cases provided. It is thoroughly illogical to presume that the Legislature would not have so provided for the widow except on condition that if she be dead dependent children or mother should receive the benefits which would have gone to the widow had she survived her husband. It seems, therefore, fairly clear of doubt that the Legislature would have enacted this statute notwithstanding omission of the provisions with reference to dependent children or mother.

If the provision with reference to payment of benefits to dependent children or mother be elided, there still remains a complete law capable of enforcement and fairly answering the principal object of its passage, to wit, providing for the widows of deceased employees who come within the Pension Act.

For the reasons stated, and upon the authority of the cases to which reference has been made, we conclude that the provisions of this statute with reference to the payment of benefits to dependent children or mother of a deceased employee coming within the Pension Act should be elided if it be true, as a matter of law, that such provisions with reference to dependent children or mother are void by reason of the failure to indicate in the caption the presence of such provisions in the body of the Act. It follows that the portion of this statute providing the benefits specified therein for the widows of such employees is a valid enactment and

enforceable by Mrs. Elrod, the complainant appellee here. Therefore, when the Circuit Judge overruled the demurrer in this suit in which only this widow was a party complainant he reached the right result.

The Circuit Judge not only concluded that the provisions with reference to dependent children or mother may be elided, but went further by ordering the elision of those provisions from this statute. In order to ascertain the rights of Mrs. Elrod it was only necessary to determine whether the provisions with reference to the children and mother *may be elided* if those provisions are unconstitutional. An actual decision as to the constitutionality of those provisions was not necessary. *H. G. Hill Co.* v. *Whitice,* 149 Tenn. 168, 173, 258 S. W. 407. We think, therefore, that the question of whether those provisions *must be elided* should await a case in which either dependent children or a mother are parties to the litigation, and that this question should have been pretermitted in this case.

The judgment of the Court below will be modified so as to pretermit an actual determination of the constitutionality of those provisions of Chapter 806 of the Private Acts of 1949 with reference to benefits to dependent children or mother of an employee coming within the Pension Act. As so modified, the judgment will be affirmed so as to hold that this statute is constitutional insofar as it applies to the widow of such an employee.

All costs of this appeal will be adjudged against Davidson County and the cause will be remanded for further appropriate proceedings with the adjudication of costs in that Court to be determined there at the conclusion of the trial.

All concur.