LANDMAN v. KIZER, Com'r of Finance & Taxation et al.

(*Nashville*, December Term, 1952.)

Opinion filed January 22, 1953.

·JAMES CLARENCE EVANS, and FARRIS, EVANS & EVANS, all of Nashville, of counsel, for plaintiff in error.

JOHN M. BATES, of Nashville, for defendant in error Town of Berry Hill.

HENRY C. FOUTCH, Assistant Attorney General, for defendant in error Commissioner of Finance and Taxation.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

For the purpose of obtaining a license to operate a retail whiskey store at Berry Hill, a municipality in Davidson County with a population of 1246, Landman requested the proper municipal officials of that town to issue him a certificate of good moral character. Section 6648.14(a) Code Supplement. At that time there was one retail liquor store in Berry Hill. Consequently, the city officials refused to issue this certificate because of an ordinance of Berry Hill providing that

"no more than one license shall be issued for each 5,000 persons, or any fraction thereof, residing in the City of Berry Hill, by Federal Census of 1950, or any subsequent Federal Census."

Landman then applied in the manner provided by Section 6648.14 of the Code Supplement to the State Commissioner of Finance and Taxation for a license to operate this liquor store, notwithstanding his failure to obtain a certificate of good moral character. The commissioner refused the application because of the aforesaid ordinance. Pursuant to the remedy provided by Section 6648.17(10) Landman then filed his common-law writ of certiorari in the Circuit Court on the theory that the Commissioner had acted arbitrarily and illegally in denying his application. The Circuit Court denied the petition, and from its action in so doing Landman has appealed.

Landman's charge of arbitrary and illegal action upon the part of the commissioner is based upon the insistence that the ordinance in question violates Article I, Section 22 of the Constitution forbidding the creation of a monopoly. In support of that insistence reference is made in behalf of Landman to the Canadian case of *Terry* v. *The*

*Municipality of the Township of Haldiman,* decided in 1858, wherein it was held that the power given to the municipality to limit the number of inns and shops where liquor might be sold "was not fairly exercised by allowing only one Inn and one shop", and created a monopoly. No other case so holding is cited, or has been found.

Counsel is proceeding from an erroneous premise in comparing the ordinance in question with an imaginary one prohibiting the sale of bread in Berry Hill by more than one person. The sale of bread is an ordinary, natural and lawful business in which anyone has a right to engage. The sale of whiskey is illegal without the grant of a special privilege from the state or other authorized sovereign such as a municipality. Without such permit its sale is a violation of law.

The health, safety and morals of the people require the most stringent regulation of the liquor traffic. It is, therefore, in the exercise of the police power that such regulating statutes and ordinances are enacted. If in the exercise of such police power an incidental monopoly happens to be created, it is not one which offends the antimonopoly clause of our Constitution, if the actual and real tendency of such ordinance or statute is to effect the purpose of protecting the safety, health and morals of the public. *Checker Cab Co.* v. *Johnson City,* 187 Tenn. 622, 216 S. W. (2d) 335.

A limitation upon the number of liquor stores which may be maintained in a municipality is generally recognized as a necessity which the welfare of the people requires. As a practical matter, such limitation has a tendency to accomplish that which is monopolistic in that only the few to whom the permit has been issued can engage in that business in that town. It has never been held, however, insofar as we know, that a statute

or ordinance so limiting the number offends the anti-monopoly clause of our Constitution. In *State ex rel.* v. *Mayor and Aldermen of Dyersburg*, 184 Tenn. 1, 195 S. W. (2d) 11, an ordinance limiting the number of liquor stores to five in this town of 12,500 was sustained. Of course, those five, in a practical sense, had a monopoly on the liquor business in that town. Had the ordinance been held invalid on that account it would have amounted to nothing less than a denial of the right by a sovereign to exercise this necessary police power for the protection of its people.

The case at bar differs from the Dyersburg case only as to the number of stores permitted in proportion to the population. The difference is not such as to enable the Court to say that the Berry Hill ordinance is manifestly unreasonable and arbitrary. The instant case is, therefore, controlled by the Dyersburg case and requires an upholding of the Berry Hill ordinance.

The validity of this ordinance of the town of Berry Hill is likewise attacked because it provides that the operator of a liquor store in that town shall pay $2,500 a year for the employment of police officers. The ordinance contains a very liberal severability· clause. If the provision with reference to the $2,500 is invalid it may be elided without destroying the rest of the ordinance. It will not, therefore, be necessary to consider that question at this time. *Davidson County* v. *Elrod*, 191 Tenn. 109, 232 S. W. (2d) 1.

The judgment of the Circuit Court will be affirmed.