MAURY COUNTY *et al. v.* PORTER *et ux.*

(*Nashville*, December Term, 1952.)

Opinion filed March 6, 1953.

JAMES B. ROSS, of Columbia, and FRANK WADE and O. L. PEELER, both of Nashville, for plaintiffs in error.

W. S. FLEMING and TOMLINSON & DALE, all of Columbia, for defendants in error.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This case attacks Chapter 178 of the Public Acts of 1951 as being unconstitutional. The trial judge held the Act unconstitutional. An appeal has been duly perfected. Assignments of error, brief and argument of counsel have been heard on the question, and we now have the matter for determination.

The Act in question outlines certain procedure which may be followed by the various Counties of the State in the exercise of the right of Eminent Domain in acquiring land for highway rights of way and other rights for highway purposes. The case under which the question for decision here arose was in an original suit by Maury

County seeking to condemn the defendant in error's land under this Act.

There were various reasons assigned in an appropriate plea below attacking the constitutionality of the Act, which were:

"First, that the condemnees are not, under the Act, entitled to be paid or do not have a right to a trial until 12 months after the completion of the project, which is an unreasonable, uncertain and indeterminable time, and, therefore is depriving the condemnees of their property without due process of law, in violation of the Constitution of the State of Tennessee, and the Fifth and Fourteenth Amendments to the Constitution of the United States: And Second, it does not allow them interest upon the funds deposited in the Court during the time they are necessarily deprived of said money; and Third, it deprives the condemnees of the right to receive any damage occasioned to the remaining part of their property over and above the value of the land actually taken; and Fourth it made them account, in arriving at the amount ultimately to be awarded, for the benefits which are occasioned to the general public, benefits to which all citizens are entitled as such."

There is no separability clause in the Act. This being true the presumption is that the Legislature would not have enacted this Statute except in its completed form. *Life & Casualty Ins. Co. of Tennessee* v. *McCormack*, 174 Tenn. 327, 125 S. W. (2d) 151.

The doctrine of elision is not favored and for us to apply this doctrine it must appear to us that the Legislature would have enacted the Statute without the objectionable features. If it appears that the Statute might have been or could have been or would have been enacted

by the Legislature without these objectionable features and the Statute without them makes or appears on its face to be valid and the objectionable part is "easily seperable from it" then elision would apply. *Davidson County* v. *Elrod,* 191 Tenn. 109, 232 S. W. (2d) 1, 2. In the instant case there are two reasons why we cannot apply the doctrine of elision: First, because there is no separability clause in the Act and Second it does not appear to us that the Act would have been enacted if the portion of the clause which we think invalid and unconstitutional were omitted.

Section 7 of the Act provides:

"Be it further enacted, That if the defendant or defendants are not satisfied with the amount assessed by the Condemner, they shall, on or before the second day of the regular term of the Court, next after the service of said notice, appear, except to the amount assessed by the Condemner, and thereupon a trial may be had, and the proceedings shall be conducted in the same manner as in civil actions, *but no trial shall be had until twelve months have expired after the completion of said road, highway, freeway and/or parkway.*" (Emphasis ours.)

We think this section and particularly the part that we have italicized makes the Act unconstitutional. By this Section of the Act and particularly the part italicized by us the condemnees, if dissatisfied with the assessment made by the condemner, shall not be entitled to have a trial until 12 months after the completion of the project. It is perfectly obvious that this makes an indefinite and indeterminable time when the condemnees might have their rights fixed in court. It is perfectly conceivable that many things might intervene to put off the completion of the project until even years after the con-

demner had taken the property of the condemnee. This provision of the Act makes the rights of the condemnees so vague, indefinite, undeterminable that it might never occur when they could be compensated for the property taken by the condemner. Therefore, as we see it, this provision or Section of the Act is clearly violative of Section 17 of Article 1 of the Constitution of the State of Tennessee. This section is:

"Section 17. That all courts shall be open; and every man, for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial, or *delay*. Suits may be brought against the State in such manner and in such courts as the Legislature may by law direct." (Emphasis ours.)

In Acts of this kind adequate provision should be made for the payment of damages to the land owner without unreasonable delay. The only case that has been cited or that we have been able to find that is in point is that of *McGibson* v. *Roane County Court*, 95 W. Va. 338, 121 S. E. 99, 103, wherein that court said:

"However, where land is so taken, there must be provided some remedy to the owner whereby he may have compensation within a reasonable time and that he will receive it must be certain. He must not be put to risk or unreasonable delay. 1 Nichols, Eminent Domain (2d Ed.) 631; 10 R. C. L. p. 125."

For the reasons assigned we must affirm the Court below at the cost of the appellants.

Tomlinson, Justice, not participating.