DOROTHY KELSEY SMITH

*v.*

DAVIDSON COUNTY et al.

(*Nashville,* December Term, 1956.)

Opinion filed March 8, 1957.

H. G. NICHOLS and O. B. HOFSTETTER, JR., Nashville, for complainant.

ELMER D. DAVIES, JR., County Attorney, Nashville, for defendants.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

The question for decision in this case is the proper construction of the 6th paragraph of Section 5 of the present Pension Act of Davidson County with particular reference to whether the appellant, Dorothy Kelsey Smith, as the widow of Charles E. Smith, deceased, is entitled to a pension as such widow.

Her petition for a pension was denied by the County Officials charged with the administration of the fund and by the Chancellor on *certiorari* and is now before us on appeal from the decree of the Chancellor.

Said paragraph originated with Chapter 806 of the Private Acts of 1949, and provides as follows:

"Pensions shall be payable to the persons designated and entitled to receive the same during their lifetime, on the 'basis of benefits' and 'tenure of serv-

ice' as set out in the second and third paragraphs, respectively of this section, and when any employee as herein defined loses his life *in the line of duty,* or who has been a member of the 'Employees Pension and Insurance Fund' and has regularly made contributions to said fund as provided in the said Act, for at least five years, or retired on a pension, *dies from any cause,* and leaves a widow to whom he was married at the time of his retirement (or death while a member of the 'Employees' Pension and Insurance Fund' and has regularly made contributions to said fund as provided in the said Act), and for five years prior thereto, or a dependent mother, the Davidson County Pension Committee shall authorize the payment monthly from the pension fund to the widow, while unmarried, or dependent mother, a benefit in a sum equal to sixty (60) percent of the pension or what the pension would be, in no event to exceed Eighty ($80.00) Dollars per month or be less than Fifty ($50.00) Dollars per month."

Then following these two paragraphs:

"When the widow of a deceased employee or pensioner dies, or remarries, her pension, as the widow of that employee or pensioner, shall cease." Page 2487, published Private Acts 1949, Ch. 806.

"The foregoing provisions shall apply to the widows, minor children under sixteen years of age or dependent mothers *of persons who have been pensioned previous* to the passage of this Act, or who died while a member of the 'Employees' Pension and Insurance Fund' as aforesaid, for a period of at least five (5) years previous to such employee's death, or who lost

his life in the line of duty, such benefits and benefit payments to accrue and begin from and after the passage of this Act." (Italics ours.) Pages 2488, 2489, Published Ch. 806, Private Acts 1949.

In her petition for *certiorari* to the Chancellor Mrs. Smith alleged that her husband, now deceased, was for many years an employee of Davidson County and was so at the time of his death and was likewise a member of the Davidson County Pension System and had been such since May 1, 1943, and that she was, therefore, entitled to a pension provided in said above quoted statute. It appeared further from her petition that she was married to her husband on April 21, 1951, or for a period of 4 years, 3 months, and 15 days at the time of his death.

The County filed a demurrer because the petition showed on its face that the parties had not been married for five years preceding the date of his death, thus construing said statute to require that in this situation the parties must have been married for five years before death.

The Chancellor sustained the demurrer on the above-stated grounds and dismissed the petition. Hence this appeal.

Even a casual inspection of said paragraph will disclose that it is quite inartificially phrased, but the legislative intent is clear and the Act should be construed accordingly.

Incidently, we call attention to the fact that this Act was not held unconstitutional insofar as minor children under 16 years of age and dependent surviving mothers are concerned in the case of *Davidson County v. Elrod*, 191 Tenn. 109, 232 S.W. 2d 1.

With reference to widows, then, the three situations are obviously contemplated by the Act.

(1) Where an employee loses his life in the line of duty, his widow is entitled to the pension;

(2) Where an employee who has not retired is, and has been for five years, a regular contributor to the fund and *dies from any cause;* and

(3) Where an employee has retired and dies from any cause, leaving a widow, to whom he was married at the time of his retirement, and had been married for five years prior to his retirement.

The third situation is obviously designed to prevent the occurrence of the well-known "racket" of "easy-riders" marrying old retired men with the hope that the Grim Reaper will not long defer his swipe at the aged gentleman, thereby leaving the fruits of victory to the secondary pensioner.

We are not concerned, however, with the above interesting dicta, because we do not have that situation before us. Mr. Smith had not retired. He was an active employee member of the fund in good standing at the time of his death and petitioner was his lawful wife. There is in this statute neither any language, nor public policy, nor philosophy, which dis-entitles her to the widow's pension, regardless of whether she had been married to deceased for one day or for five years or any other period.

We have no right to assume that the framers of this inartificially drawn paragraph had in mind any such unjust result as would follow in this case from adoption of the position taken by the County's demurrer. This

employee had been contributing to the Pension Fund for 12 years and had been married to this petitioner for almost five years. There is no place in the above second situation for the application of a paternalistic attitude which is expressed impliedly in the third above situation.

The phraseology of the 8th paragraph is also inartificial, but does not militate against the construction we have given the 6th paragraph. The most that can be made of it is that it refers to;

(1) Widow of a person who has been pensioned previous to the passage of this Act of 1949; or

(2) Widow of an active employee in good standing with the "Fund" for five years previous to his death; or

(3) Widow of one who lost his life in line of duty.

Thus is omitted mention of the widow of one who has retired since the passage of this Act of 1949. We denominated this as group "(3)" under paragraph 6 supra.

The decree below is reversed, the cause is remanded to the Penion Board for proceedings in accordance with this opinion.