**STATE of Tennessee, Plaintiff-In-Error,**

v.

**James Robert MURRAY, Defendant-In-Error.**

Supreme Court of Tennessee.

May 15, 1972.

David M. Pack, Atty. Gen. of Tenn., Robert H. Roberts, Asst. Atty. Gen. of Tenn., Nashville, Leland M. McNabb, Asst. Dist. Atty. Gen., Memphis, for plaintiff in error.

G. Edward Draper, Memphis, Hugh W. Stanton, Jr., Asst. Public Defender, Memphis, for defendant in error.

## OPINION

CHATTIN, Justice.

Defendant-in-error was indicted for the alleged violation of T.C.A. Section 39–1957.

The indictment reads, in part, as follows:

"That James Robert Murray late of the County aforesaid, heretofore, to-wit: on the ——— day of June, A.D. 1968, before the finding of this indictment, in the County aforesaid, being debtor in possession of consumer goods, subject to a security interest, as defined under the Uniform Commercial Code, secured

transactions, to-wit: One (1) Buick automobile valued in excess of One Hundred & No/100 Dollars, ($100.00) Dollars sold to said debtor, under a conditional sales contract, dated June 19, 1968, by Bluff City Buick Company, a corporation, did unlawfully and feloniously sell and dispose of said automobile, as collateral with the intention of depriving the said Bluff City Buick Company, a corporation, as the secured party, and Union Planters National Bank, Memphis, Tennessee, as assignee, of part of the proceeds thereof ----- "

The indictment was returned on February 24, 1970. Arraignment was held on June 8, 1970, at which time Murray entered a plea of not guilty. Thereafter, on February 1, 1971, Murray filed a motion to quash the indictment on the ground T.C.A. Section 39–1957 is unconstitutional in that a conviction thereunder would constitute imprisonment for debt in violation of Article 1, Section 18, of the Constitution of this State.

The trial judge granted the motion to quash and dismissed the indictment.

The State has perfected an appeal and has assigned as error the action of the trial judge in holding the statute unconstitutional. The State makes no question as to whether the motion to quash came too late under Tennessee practice. T.C.A. Section 39–1957 reads as follows:

"Disposition of consumer goods or equipment subject to security interest—Penalty—Payment for property before arraignment discharges prosecution.—A debtor in possession of consumer goods or equipment subject to a security interest as defined under the Uniform Commercial Code—Secured Transactions, who shall dispose of or conceal such collateral, with the intention of depriving the secured party of the same, or

any part thereof, or of the proceeds or any part thereof, shall be guilty of a felony.

"Any person violating this section shall, upon conviction, be imprisoned in the penitentiary not less than three (3) years nor more than ten (10) years, where the value of such property exceeds one hundred dollars ($100); but where the value of the property does not exceed one hundred dollars ($100), such person shall be imprisoned in the penitentiary not less than one (1) year nor more than five (5) years. When the property so disposed of does not exceed one hundred dollars ($100) in value, the court or jury shall have the power to commute the punishment to imprisonment in the county jail for any period less than one (1) year, in their discretion.

"If the person so disposing of the property shall pay the debt to secure which the security agreement was executed before he is arraigned for trial, he shall not be held liable hereunder."

The language of the last paragraph above is the language relied on by the trial judge in holding the statute unconstitutional.

Counsel for Murray, in his brief, states the statute without the last paragraph is constitutional. In other words, Counsel agrees the gravamen of the crime denounced is the fraudulent intent of disposing or concealing consumer goods or equipment subject to a security interest with intent to deprive the secured party of same, or any part thereof, or of the proceeds, or any part thereof.

■ The fact that one provision of a statute is unconstitutional does not affect the validity of other independent provisions. State v. Scott, 98 Tenn. 254, 39 S.W. 1

(1897); State v. Wilson, 80 Tenn. 246 (1883).

Statutes of this State are severable. T.C.A. Section 1–310.

Counsel for Murray, as pointed out above, concedes the remaining parts of the statute are valid after elision of last paragraph.

Counsel also concedes the gravamen of the crime denounced by the statute is that of intentional fraud.

 Should we hold the paragraph unconstitutional, it would not destroy the entire statute because the balance of the statute is capable of being enforced in accordance with the apparent legislative intent. Jones v. City of Jackson, 195 Tenn. 329, 259 S.W.2d 649 (1953).

 This Court will not pass on the constitutionality of a statute, or any part of one, unless it is absolutely necessary for the determination of the case and of the present rights of the parties to the litigation. State ex rel. Loser v. National Optical Stores Co., 189 Tenn. 433, 225 S.W. 2d 263 (1950).

 Where, as in this case, to ascertain rights of a party, it was only necessary to decide whether a portion of the statute could be elided if unconstitutional, and actual decision as to constitutionality was not necessary, actual decision as to constitutionality of the paragraph in question should be pretermitted. Davidson County v. Elrod, 191 Tenn. 109, 232 S.W.2d 1 (1950).

It results the judgment of the trial court is reversed and the case remanded for a trial on its merits.

DYER, C. J., CRESON and McCANLESS, JJ., and JENKINS, Special Justice, concur.