**LOWE'S COMPANIES, INC.,**
**Plaintiff–Appellant,**

v.

**Charles E. CARDWELL, Commissioner of Revenue for the State of Tennessee, Defendant–Appellee.**

Supreme Court of Tennessee, at Nashville.

July 22, 1991.

Christopher M. Was, Trabue, Sturdivant & DeWitt, Nashville and Robert D. McDonald, Davis, Wright & Tremaine, Washington, D.C., for plaintiff-appellant.

Charles W. Burson, Atty. Gen. and Reporter and Joe C. Peel, Asst. Atty. Gen., Nashville, for defendant-appellee.

William R. Bruce, Silver Point, for amicus curiae, Printing Industry Ass'n of the South, Inc.

## OPINION

DAUGHTREY, Justice.

This case involves the constitutionality of a 1987 amendment to T.C.A. § 67-6-329, which purported to make an addition to the list of tangible personal property that is exempt from sales and use taxes imposed by T.C.A. §§ 67-6-101, et seq.

For the reasons stated below, we hold that the 1987 amendment as enacted is unconstitutional but is properly subject to elision. With the unconstitutional provision thus removed, the remainder of the statute is both valid and effective. It follows that the plaintiff's demand for a refund of use taxes should have been granted and that the chancellor's decree to the contrary must be reversed.

## I.

T.C.A. § 67-6-329(a) lists types of tangible personal property that are exempt from sales and use taxes. Included in the list of property exempt under this provision are "newspapers." T.C.A. § 67-6-329(a)(3). In *Sears, Roebuck & Co. v. Woods*, 708 S.W.2d 374 (Tenn.1986), this Court held that preprinted advertising supplements that are distributed with newspapers and are printed by independent printers (rather than by newspapers) do not constitute "newspapers" for purposes of the sales and use tax exemption provided by T.C.A. § 67-6-329(a)(3). The advertising supplements in *Sears, Roebuck & Co. v. Woods*

were printed outside Tennessee, but our holding in that case was not limited to advertising supplements printed outside Tennessee.

In its first session following the decision in *Sears, Roebuck & Co. v. Woods*, the General Assembly enacted Public Acts 1987, Chapter No. 416, which was an amendment to T.C.A. § 67-6-329(a). That legislation provided as follows:

SECTION 1. Tennessee Code Annotated, Section 67-6-329, is amended in subsection (a) by adding after existing subdivision (3) the following language as a new subdivision (4) and by renumbering subsequent subdivisions accordingly:

(4) Advertising supplements or other printed matter printed in Tennessee and distributed with newspapers;

SECTION 2. If any provision of this act or the application thereof to any person or circumstance is held invalid, such invalidity shall not affect other provisions or applications of the act which can be given effect without the invalid provision or application, and to that end the provisions of this act are declared to be severable.

SECTION 3. This act shall take effect on becoming law, the public welfare requiring it.

The effective date of the amendment was May 17, 1987.

## II.

The plaintiff, Lowe's Companies, Inc., is a North Carolina corporation, the principal business of which consists of retail sales of lumber, building materials, plumbing, hardware, paint, electrical supplies, appliances and other home improvement products. Lowe's Companies operates several retail stores in Tennessee, and it advertises in Tennessee newspapers. In connection with its newspaper advertising, Lowe's Companies purchases from out-of-state printing companies preprinted advertising supplements that are distributed with newspapers in Tennessee.

With respect to the period beginning May 17, 1987 (the effective date of Public

Acts 1987, Chapter No. 416), and ending on December 31, 1987, Lowe's Companies paid use taxes on the advertising supplements that it purchased from out-of-state printers for distribution with newspapers in Tennessee. In April 1988, Lowe's Companies filed a request for a refund of these taxes with the Department of Revenue pursuant to T.C.A. § 67–1–1802. The Commissioner promptly denied this refund request, and Lowe's Companies initiated litigation in the trial court, demanding a refund.

In its complaint, Lowe's Companies asserted that the 1987 amendment to the exemption statute violates the interstate commerce clause of the United States Constitution because it discriminates against interstate commerce. In his answer, the Commissioner conceded that this legislation was in violation of the interstate commerce clause of the United States Constitution. The lawsuit was thus reduced to these essential questions: whether any portion of the 1987 act can be considered valid, and if so, what effect this ruling will have on the taxpayer's request for a refund in this case.

On motion for summary judgment, the chancellor ruled in the Commissioner's favor, as follows:

> The Court concluded that 1987 Tennessee Public Acts, Chapter 416 is in violation of the commerce clause of the United States Constitution. Accordingly, Chapter 416, which was enacted as an amendment to the Retailers Sales Tax Act found in T.C.A. § 67–6–101, et seq, was void upon enactment and of no effect. The Retailers Sales Tax Act has not been changed and remains in full force and effect. Preprinted advertising materials have been and continue to be subject to tax without regard to the location where they are printed and, thus, the Retailers Sales Tax Act does not discriminate with respect to the location where preprinted advertising materials are printed. There is no genuine issue of material fact and summary judgment as a matter of law should be granted for the non-moving party. Accordingly, the plaintiff's refund request is denied and the Complaint herein should be dismissed.

That ruling is now before us on direct appeal.

### III.

As enacted, the amendment found in Public Acts 1987, Chapter No. 416 grants an exemption from sales and use taxes for newspaper advertising supplements that are printed in Tennessee but not to those that are printed in other states. Such discrimination against interstate commerce is clearly in violation of the commerce clause of the United States Constitution, under the holding in *Bacchus Imports, Ltd. v. Dias*, 468 U.S. 263, 104 S.Ct. 3049, 82 L.Ed.2d 200 (1984). But this conclusion, not difficult in itself to reach, requires us to address a second issue, the answer to which is much less clear. That question is whether we can give effect to Section 2 of the 1987 amendment and hold that the invalid provision "[does] not affect other provisions or applications of the act." We conclude that the clear intent of the legislature as expressed in the severability clause of Section 2 can be given effect in this case.

■ Under the doctrine of elision, a court may, under appropriate circumstances and in keeping with the expressed intent of a legislative body, elide an unconstitutional portion of a statute and find the remaining provisions to be constitutional and effective. As we noted in *Gibson County Special School District v. Palmer*, 691 S.W.2d 544 (Tenn.1985):

> The doctrine of elision is not favored. *Smith v. City of Pigeon Forge, Tennessee*, 600 S.W.2d 231 (1980). The rule of elision applies "if it is made to appear from the face of the statute that the legislature would have enacted it with the objectionable features omitted, and those portions of the statute which are not objectionable will be held valid and enforceable ... provided, of course, there is left enough of the act for a complete law capable of enforcement and fairly answering the object of its passage." *Davidson County v. Elrod*, 191 Tenn. 109, 232 S.W.2d 1 (1950). "However, a conclusion by the court that the

legislature would have enacted the act in question with the objectionable features omitted ought not to be reached unless such conclusion is made fairly clear of doubt from the face of the statute. Otherwise, its decree may be judicial legislation." *Davidson County v. Elrod, supra.*

The inclusion of a severability clause in the statute has been held by this Court to evidence an intent on the part of the legislature to have the valid parts of the statute enforced if some other portion of the statute has been declared unconstitutional. *Catlett v. State*, 207 Tenn. 1, 336 S.W.2d 8 (1960).

691 S.W.2d 544, at 551.

Despite our recognition that the doctrine of elision is "not favored," we have repeatedly applied that doctrine based on severability clauses identical to that contained in Section II of the 1987 amendment to T.C.A. § 67–6–329(a). *See, e.g., Franks v. State*, 772 S.W.2d 428 (Tenn.1989); *Waters v. State*, 583 S.W.2d 756 (Tenn.1979). In *Franks v. State*, for example, we expressed what we took to be appropriate deference to legislative intent, as follows:

Such clause evinces an intent on the part of our legislature to have the valid parts of the statute remain in force, unless observance thereof would frustrate the object of its passage.

772 S.W.2d 428, at 430.

The doctrine of elision has also been applied to a Tennessee statute by the United States Sixth Circuit Court of Appeals, based on the presence of a severability clause identical to that contained in Section 2 of the 1987 amendment to T.C.A. § 67–6–329(a). *Moore v. Fowinkle*, 512 F.2d 629 (6th Cir.1975).

In addition to judicial precedent for the application of the doctrine of elision, its application is also supported by T.C.A. § 1–3–110. The latter statute provides as follows:

It is hereby declared that the sections, clauses, sentences and parts of the Tennessee Code are severable, are not matters of mutual essential inducement, and any of them shall be exscinded if the

Code would otherwise be unconstitutional or ineffective. If any one or more sections, clauses, sentences or parts shall for any reason by questioned in any court, and shall be adjudged unconstitutional or invalid, such judgment shall not affect, impair of invalidate the remaining provisions thereof, but shall be confined in its operation to the specific provision or provisions so held unconstitutional or invalid, and the inapplicability or invalidity of any section, clause, sentence or part in any one or more instances shall not be taken to affect or prejudice in any way its applicability or validity in any other instance.

█ We conclude that elision is appropriate in this case. As previously noted, the sales and use tax exemption granted in the 1987 amendment is unconstitutional only because it is limited to advertising supplements that are "printed in Tennessee." Applying the doctrine of elision in accordance with the expressed intent of the General Assembly, we hold that this limitation is unconstitutional but further hold that the remainder of the sales and use tax exemption, without the limitation, is valid and effective. It follows that subsection (4) of T.C.A. § 67–6–329(a) provides an exemption from sales and use taxes for "advertising supplements or other printed matter distributed with newspapers."

## IV.

█ Our decision (both with respect to the finding of unconstitutionality and the application of the doctrine of elision) must be retroactively applied as of the date of enactment of Public Acts 1987, Chapter No. 416. *See McKesson Corp. v. Florida Alcoholic Beverages and Tobacco Division*, 495 U.S. ——, 110 S.Ct. 2238, 110 L.Ed.2d 17 (1990).

The plaintiff, Lowe's Companies, Inc., must therefore be granted a refund of the use taxes it paid for the taxable period May 17, 1987, to December 31, 1987, with respect to advertising supplements distributed with Tennessee newspapers, together with interest as provided under T.C.A. § 67–1–1803(b). This cause is remanded

for any further proceedings that may be necessary, including the determination of the amount of attorneys fees and expenses of litigation to be awarded to the taxpayer pursuant to T.C.A. § 67–1–1803(d). The costs on appeal are taxed to the defendant.

Reversed and remanded.

REID, C.J., and DROWOTA, O'BRIEN and ANDERSON, JJ.