IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs August 8, 2000 (at Jackson)

## STATE OF TENNESSEE v. ALVIN RAY TAYLOR

**Direct Appeal from the Circuit Court for Coffee County**
**No. 28,970     L. Craig Johnson, Judge**

---

**No. M1999-2566-CCA-R3-CD - Filed April 26, 2001**

---

Alvin Ray Taylor was convicted by a jury of driving on a revoked license, second offense. The jury fixed his fine at $27,500. Taylor argues on appeal that the fine provisions of TENN. CODE ANN. § 55-50-504(a)(2) permit the imposition of a fine with no maximum limit violating the Eighth Amendment protection against excessive fines. After review, we find the penalty provisions of the statute, as it relates to the amount of fine which may be fixed, unconstitutional and the fine imposed in this case excessive. Accordingly, that portion of the judgment imposing a fine of $27,500 is vacated. The Appellant's fine is modified to reflect a fine of $2,500 pursuant to TENN. CODE ANN. § 40-35-111 (e)(1) ( maximum authorized fine for class A misdemeanor).

**Tenn. R. App. P. 3; Judgment of the Circuit Court Vacated; Sentence Modified.**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, J., joined; JAMES CURWOOD WITT, JR., J., dissenting.

Gregory M. O'Neal, Winchester, Tennessee, for the Appellant, Alvin Ray Taylor.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Elizabeth T. Ryan, Assistant Attorney General, Michael Layne, District Attorney General, and Steve Weitzman, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

The Appellant, Alvin Ray Taylor, appeals the judgment of the Coffee County Circuit Court affirming the jury's assessment of a fine of $27,500 for the offense of driving on a revoked license, second offense. The sole issue on appeal is whether the failure of the fine provision of TENN. CODE ANN. § 55-50-504(a)(2) to establish a maximum penalty constitutes cruel and unusual punishment

contrary to the Eighth Amendment to the United States Constitution and Article I, Section 16 of the Tennessee Constitution.[1]  The relevant portion of the challenged statute provides as follows:

> (2)  A *second or subsequent* violation of subdivision (a)(1) is a Class A misdemeanor.  A person who drives a motor vehicle on any public highway of this state at a time when the person's privilege to do so is cancelled, suspended or revoked because of a second or subsequent conviction for vehicular assault . . . , vehicular homicide . . . , or driving while intoxicated . . . shall be punished by confinement for not less than forty-five days (45) days nor more than one (1) year, and there may be imposed, in addition, *a fine of not less than three thousand dollars ($3,000).*

TENN. CODE ANN. § 55-50-504(a) (emphasis added).

After review, we conclude that the legislature's failure to establish a maximum fine renders the statute *per se* unconstitutional under provisions forbidding excessive fines.  Additionally, we conclude that a fine of $27,500 in the case *sub judice* is inappropriate in relation to the nature and gravity of the offense.[2]  Accordingly, we vacate that portion of the judgment imposing a fine of $27,500.  The fine is modified to reflect a fine of $2,500 pursuant to TENN. CODE ANN. § 40-35-111 (e)(1).

## Analysis

Large discretion is vested in the legislature in imposing penalties sufficient to prevent the commission of an offense, and only in extreme cases are the courts warranted in finding that the constitutional limit has been surpassed.  Indeed, the legislature, only restrained by the organic law of the state and federal government, has the authority to define what acts shall constitute criminal offenses and what penalties shall be inflicted on offenders.  When reviewing a statute for constitutional infirmity, therefore, we are required to indulge every presumption and resolve every doubt in favor of the constitutionality of the statute. Petition of Burson, 909 S.W.2d 768, 775 (Tenn. 1995).

---

[1] This cause was originally submitted "on brief" to a panel of this court based upon whether the trial court's refusal to reduce the fine was error.  Finding that the briefs of both parties overlooked the true issue before the court, this court ordered supplementation of the briefs with respect to the constitutionality of TENN. CODE ANN. § 55-50-504(a)(2). See State v. Alvin Ray Taylor, No. M1999-2566-CCA-R3-CD (Tenn. Crim. App. at Nashville, Aug. 7, 2000).

[2] In its supplemental brief, the State argues that "an attack on the constitutionality of a statute cannot be raised for the first time upon appeal."  Additionally, the State contends that any challenge to the constitutionality of the statute is waived since the defendant did not raise the issue at trial or upon appeal.  We believe the State's argument misplaced. Tenn. R. Crim. P. 52(b) states that "An error which has affected the substantial rights of an accused may be noticed at any time, even though not raised in the motion for a new trial or assigned as error on appeal, in the discretion of the appellate court where necessary to do substantial justice."  As such, plain error may be noticed and addressed by this court. See Sentencing Commissions Comments, Tenn. R. Crim. P. 52.

Resolution of the constitutionality of the statutory provision presently before this court requires interpretation of both state and federal constitutional provisions. Both the United States and the Tennessee Constitutions protect individuals from excessive fines. See U.S. CONST. amend. VIII; TENN. CONST. art. I, § 16. Specifically, the Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII. The United States Supreme Court has interpreted the "excessive fines" clause to "limit[] the government's power to extract payments, whether in cash or in kind, as punishment for some offense." United States v. Bajakajian, 524 U.S. 321, 328, 118 S. Ct. 2028, 2033 (1998) (quoting Austin v. United States, 509 U.S. 602, 609-610, 113 S. Ct. 2801, 2805 (1993) (emphasis deleted)). Thus, not only does the Constitution prohibit barbaric punishments, but also prohibits fines that are disproportionate to the crime committed. See generally Solem v. Helm, 463 U.S. 277, 284, 103 S. Ct. 3001, 3006 (1983).

In Solem v. Helm, Justice Powell, writing on behalf of the Court, discussed the historical foundations of the Eighth Amendment origins. See generally Helm, 463 U.S. at 284-287, 103 S. Ct. at 3006-3007. The constitutional provision is based upon the principle that punishment should be proportionate to the crime. This principle is deeply rooted in common law jurisprudence. Accordingly, when inquiry is made as to the excessiveness of a fine, the standard of measuring its constitutionality rests on the principle of proportionality. See Bajakajian, 524 U.S. at 334, 118 S. Ct. at 2036. In other words, "[t]he amount of the [fine] must bear some relationship to the gravity of the offense that it is designed to punish." Id. at 334, 118 S. Ct. at 2036 (citations omitted).

In examining a fine for unconstitutional excessiveness, the United States Supreme Court has noted that courts must be mindful (1) "that judgments about the appropriate punishment for an offense belong in the first instance to the legislature" and (2) "that any judicial determination regarding the gravity of a particular criminal offense will be inherently imprecise." Bajakajian, 524 U.S at 336, 118 S. Ct. at 2037 (footnotes omitted). With proper consideration of these principles, the court must then analyze the statute with particular consideration of (1) the gravity of the offense and the harshness of the penalty; (2) the fines imposed on other criminals in the same jurisdiction; and (3) sentences imposed for commission of the same crime in other jurisdictions.[3] See Helm, 463 U.S. at 291-292, 103 S. Ct. at 3010-3011.

---

[3] At this juncture, we acknowledge, as does Judge Witt in his dissenting opinion, that the United States Supreme Court applied the three-part test to strike the *sentence* and *not the statute*. See Helm, 463 U.S. at 291-292, 103 S. Ct. at 3010-3011. We do not interpret Helm, however, to prohibit such analysis in determining a statute's constitutionality under the Eighth Amendment. See State v. Williams, 698 P.2d 678, 689 n.4 (Ariz. 1985) ("The eighth amendment, *while capable of invalidating statutes* which uniformly mandate cruel and unusual punishment, more frequently, at least in non-death penalty situations, is applied to examinations of individual sentences." (Emphasis added)). Indeed, the Helm factors have been previously employed in such statutory analysis. For example, although not controlling law, a Massachusetts Appellate Court decision applied the same three-part test adopted by the Supreme Court in Helm in analyzing whether a statute proscribing a mandatory five-year sentence imposed for the sale of heroin was constitutional under the Eighth Amendment. See Commonwealth v. Marcus, 454 N.E.2d 1277 (Mass. App. Ct. 1983). Moreover, by reviewing, on appeal, every fine in excess of $3,000 for this offense, we will, in effect, be treating the symptoms rather than the cause and, thus, promoting protracted litigation of this issue.

Our first consideration requires comparison of the amount of the fine to the gravity of the offense. Bajakajian, 524 U.S. at 336-337, 118 S. Ct. at 2037-2038 . Driving on a revoked or suspended license, second offense, is graded by our legislature as a class A misdemeanor.[4] See TENN. CODE ANN. § 55-50-504 (a)(2)(1998). The offense is neither a violent offense nor an offense against a person. Rather, the offense reflects the legislature's prerogative to sanction a penalty against persons for violating a previously imposed driving restriction. The legislature has authorized a fine of "**not less than three thousand dollars**" for a second infraction of this misdemeanor offense.[5] See TENN. CODE ANN. § 55-50-504(a)(2) (emphasis added). The disparity between the nature of the offense and the fine imposed, at a minimum, suggests a lack of proportionality in the sentence.

Our second inquiry compares the fine imposed for the offense of driving on a revoked or suspended license, second offense, with fines imposed for the commission of other crimes in the State of Tennessee. Generally, the legislature has authorized a "**fine not to exceed two thousand five hundred dollars**" for class A misdemeanors.[6] See TENN. CODE ANN § 40-35-111)(e)(1) (1997)

---

[4]TENN. CODE ANN. § 55-50-504 provides in pertinent parts:

(a)(1) A person who drives a motor vehicle on any public highway of this state at a time when the person's privilege to do so is cancelled, suspended, or revoked commits a Class B misdemeanor. A person who drives a motor vehicle . . . at a time when the person's privilege to do so is cancelled, suspended or revoked because of a conviction for vehicular assault . . . , vehicular homicide . . ., or driving while intoxicated . . . shall be punished by confinement for not less than two (2) days nor more than (6) months, and there may be imposed, in addition, **a fine of not more than one thousand dollars ($1,000).**

(2) A **second or subsequent** violation of subdivision (a)(1) is a Class A misdemeanor. A person who drives a motor vehicle on any public highway of this state at a time when the person's privilege to do so is cancelled, suspended or revoked because of a second or subsequent conviction for vehicular assault . . . , vehicular homicide . . . , or driving while intoxicated . . . shall be punished by confinement for not less than forty-five days (45) days nor more than one (1) year, and there may be imposed, in addition, **a fine of not less than three thousand dollars ($3,000).**

(Emphasis added).

[5]We note that the legislature amended the fine provisions of TENN. CODE ANN. § 55-50-504(a)(1) & (2) in 1994. Prior to this amendment, these particular provisions provided that (1) for first offense driving on a cancelled, suspended, or revoked license, a fine of "**not more than five hundred dollars ($500)**" could be imposed; and (2) for a second or subsequent offense driving on a cancelled, suspended, or revoked license, a fine of "**not more than five hundred dollars ($500)**" could be imposed. See TENN. CODE ANN. § 55-50-504(a)(1) & (2) (1993) (emphasis added). The legislative history indicates that the initial bill introduced in the Senate contained the language **"a fine not less than $2,500 nor more than $5,000."** (emphasis added). This language was amended several times in the House, which ultimately provided for the current language, **"a fine of not less than three thousand dollars ($3,000)."** (emphasis added). The legislative history reflects no reference to the then existing language.

[6]Our legislature has authorized the following fines for felonies and misdemeanors:
(b)(1) Class A felony . . . .the jury may assess a fine not to exceed fifty thousand ($50,000). . . .
  (2) Class B felony . . . the jury may assess a fine not to exceed twenty-five thousand dollars

(continued...)

-4-

(emphasis added). Additionally, the fine imposed for a first infraction of driving on a revoked license shall "**not [be] more than one thousand dollars**." (emphasis added). TENN. CODE ANN. § 55-50-504(a)(1). Indeed, the more serious offense of driving under the influence carries a fine of "not less than three hundred fifty dollars ($350) nor more than one thousand five-hundred dollars ($1,500)" for a first offense; a fine of "not less than six hundred dollars ($600) nor more than three thousand five hundred dollars ($3,500)" for a second offense; a fine of "not less than one thousand one hundred dollars ($1,100) nor more than ten thousand dollars ($10,000)" for a third offense; and a fine of "not less than three thousand dollars ($3,000) nor more than fifteen thousand dollars ($15,000)" for a felony fourth offense. See generally TENN. CODE ANN. § 55-10-403(a)(1). A fine imposed for a second offense driving on revoked, a class A misdemeanor, therefore, has the potential, as no statutory maximum limit to the fine exists, to surpass fines imposed for similar but more serious offenses. Indeed, it is noted that the fine provisions for this class A misdemeanor permits imposition of a fine in excess of that which may be imposed upon a defendant convicted of a class A felony. See TENN. CODE ANN. § 40-35-111 (b)(1) (fine for class A felony not to exceed fifty thousand dollars).

Our third and final consideration compares the contested statutory fine with fines imposed for commission of the same crimes in other jurisdictions. From a review of similar offenses in other states, we have determined that most states imposed maximum fines that are less than the statutorily imposed minimum fine imposed in Tennessee. See, e.g., ALASKA STAT. § 28.15.291(b)(1)(C) (mandatory fine of $500 for driving on revoked license); ALA. CODE § 32-6-19 (fine of not less than $100 nor more than $500 authorized for driving on revoked license); ARK. CODE ANN. § 27-16-303 (fine for driving on revoked license "not more than $500"); CAL. VEHICLE CODE § 14601.1(b)(1) (fine for second offense driving on revoked license not less than $500 nor more than $2,000); GA. CODE ANN. § 40-5-121(a) (fine of not less than $1,000 nor more than $2,500 authorized for second offense driving on revoked license); 625 ILL. COMP. STAT. 5/6-303 (statute does not expressly enumerate fine for driving on revoked license other than enumerating offense class A misdemeanor); IOWA CODE § 321.218 (fine of not less than $250 and not more than $1,000 authorized for offense of driving on revoked license); MICH. COMP. LAWS § 257.904 (fine of not more than $1,000

---

[6](...continued)
($25,000). . . .
    (3) Class C felony  . . . the jury may assess a fine not to exceed ten thousand dollars ($10,000). . . .
    (4) Class D felony . . . the jury may assess a fine not to exceed five thousand dollars ($5,000). . . .
    (5) Class E felony . . . the jury may assess a fine not to exceed three thousand dollars ($3,000). . . .
(e)(1) Class A misdemeanor . . . a fine not to exceed two thousand five hundred dollars ($2,500). . . .
    (2) Class B misdemeanor . . . a fine not exceed five hundred dollars ($500). . . .
    (3) Class C misdemeanor . . . a fine not to exceed fifty dollars ($50.00). . . .

TENN. CODE ANN. § 40-35-111(b) & (e).

authorized for driving on revoked license, second offense); MISS. CODE ANN. § 63-1-57 (fine of not less than $200 and not more than $500 authorized for offense of driving on revoked license); N.J. STAT. ANN. § 39:3-40 (fine of $750 for second offense driving on revoked license); N.M. STAT. ANN. § 66-5-39 (fine not to exceed $1,000 for driving on revoked license); OKLA. STAT. tit. 47 § 6-303 (fine of not less than $100 nor more than $500 authorized for driving on revoked license); R.I. GEN. LAWS § 31-11-18.1 (mandatory $500 fine for second offense driving on revoked license); WYO. STAT. ANN. § 31-7-134 (fine of not less than $250 and not more than $750 authorized for second offense driving on revoked license).

In reaching our conclusion, we acknowledge the broad deference afforded to our legislature in determining criminal offenses and the penalties and punishments assigned thereto. However, based on our analysis of the factors enumerated in Solem v. Helm, we conclude that the legislature's failure to establish a maximum authorized fine for the offense of driving under the influence, second offense, results in a fine which is, *per se*, disproportionately harsh when compared with (1) the gravity of the offense, (2) the fines that may be imposed for similar offenses in this state, and (3) the fines imposed for the same/similar offenses in other jurisdictions. Specifically, we hold that a statute which provides a minimum fine with no maximum limit constitutes "excessive punishment" and, thus, is unconstitutional. Cf. State v. LeCompte, 406 So.2d 1300, 1304 (La. 1981). Notwithstanding this holding, the statute itself remains valid. We hold unconstitutional only that portion of the statute which provides for no maximum fine.[7]

The failure of the legislature to prescribe a statutory maximum fine for the offense of driving on revoked, second offense, not only creates a *per se* unconstitutional punishment, but, as illustrated by the $27,500 fine imposed in this case, creates the opportunity for abuse by the trier of fact.[8] There is no rational explanation for the imposition of such a disproportionate fine considering that the maximum fine for driving on revoked, first offense, may not exceed one thousand dollars ($1,000). As previously noted, the imposition of a $27,500 fine for this class A misdemeanor offense falls

---

[7]The doctrine of elision permits a court to strike an unconstitutional portion of a statute and to find the remaining provisions constitutional. See Lowe's Companies, Inc. v. Cardwell, 813 S.W.2d 428 (Tenn. 1991). Although disfavored by the courts, the rule of elision applies:

> if it is made to appear from the face of the statute that the legislature would have enacted [the provision] with the objectionable features omitted, and those portions of the statute which are not objectionable will be held valid and enforceable, ... provided, of course, there is left enough of the act for a complete law capable of enforcement and fairly answering the object of its passage.

Franks v. State, 772 S.W.2d 428, 430 (Tenn.1989) (citations omitted); see also Nolichuckey Sand Co., Inc. v. Huddleston, 896 S.W.2d 782, 789 (Tenn. App. 1994). In the present case, we are without doubt that the statutory provisions would have been enacted regardless of the penalty provision for driving on a revoked license, second offense. Accordingly, we apply the doctrine of elision in striking the fine provision of Tenn. Code Ann. § 55-50-504(a)(2).

[8]By holding the fine provision unconstitutional, we find it unnecessary to address the concern of whether the "open-ended" fine provision fails to "give fair warning of the consequences of violation," required by Tenn. Code Ann. § 39-11-101(3) (Objectives of criminal code).

within the range of fines which may be imposed upon class A felons.  See TENN. CODE ANN. § 40-35-111 (b)(1) and (2).

For the reasons herein, we hold the fine provision of TENN. CODE ANN. § 55-50-504(a)(2) unconstitutional insofar as the provision establishes a constitutionally disproportionate punishment for the offense of an excessive degree.  Moreover, the fine imposed in the case *sub judice* is grossly disproportionate compared to fines imposed for similar offenses.  Accordingly, the trial court's judgment imposing a fine in the amount of $27,500 is vacated.  We modify the judgment to reflect a fine of $2,500.

_____
DAVID G. HAYES, JUDGE